United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NONA MINGO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-4589 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Nona Mingo alleges that, while working at a Home Depot store, she tripped on a flatbed cart that a customer had pushed behind her and that a coworker had failed to warn her about. (Docket Entry No. 1-3 ¶ 8; Docket Entry No. 12-2 at 49). She asserts negligence, gross negligence, and premises liability claims. (Docket Entry No. 1-3 ¶ 9). Home Depot moved for summary judgment, arguing that it bears no responsibility for the accident. (Docket Entry No. 12). Mingo responded. (Docket Entry No. 14). Based on the motions, the record, and the applicable law, the court grants the motion for summary judgment. The reasons for this ruling are stated below.

**I.     Background**

Nona Mingo is a former employee of Home Depot. (Docket Entry No. 12-2 at 115). On March 14, 2024, while working at a Home Depot store in Spring, Texas, Mingo tripped over a bright orange flatbed cart. (Docket Entry No. 12-1; Docket Entry No. 12-2 at 49). On October 18, 2024, Mingo sued Home Depot in state court based on her fall. (Docket Entry No. 1-3 ¶ 2). Her complaint alleged that while she was working, a coworker began a conversation with a customer "directly behind her," that she did not notice the customer's flatbed cart because her coworker was "blocking her view," and that when she stepped "backwards to turn," she tripped

over the cart and suffered severe injuries to her neck, back, and other body parts.  (*Id.* ¶ 8).  She sought more than $1 million in damages.  (*Id.* ¶ 12).

Home Depot timely removed and moved for summary judgment, arguing that the video evidence makes clear that "Home Depot bears no responsibility whatsoever" for the accident. (Docket Entry No. 12 at 2).  The video shows a customer wheeling a cart through the entrance and stopping next to Mingo and her coworker, Kayla Hutchinson.  (Docket Entry No. 12-1 at 00:00–00:15).  The cart is next to Mingo and Hutchinson for a few seconds only before Mingo, her head turned the other way, takes several steps forward, at a mild diagonal angle, and then trips over the cart.  (*Id.* at 00:15–00:19).  Hutchinson does not directly face the cart (which is, at most, to her side for a few seconds only) and at no point is between Mingo and the customer, while Mingo generally faces the direction of cart as the customer walks through the entrance and up to Mingo and Hutchinson.  (*Id.*).  At her deposition, Mingo admitted that the cart was stopped next to her for less than two seconds before she tripped over it and fell.  (Docket Entry No. 12-2 at 73).  She also clarified that what was "blocking" her view was not Hutchinson herself, but rather that she was making eye contact with Hutchinson and was "not looking at the cart."  (*Id.* at 70).

## II.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id.*

(quoting *Anderson*, 477 U.S. at 248).  When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party."  *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c).  "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'"  *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial."  *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted).  "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted).  Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim."  *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

3

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

## III.    Analysis

Home Depot argues that Mingo's negligence claims are not viable because premises liability law governs this case. (Docket Entry No. 12 at 2). It argues that Mingo's version of the fall—that she fell backwards when Hutchinson failed to warn her that the cart was behind her and out of her sight—cannot withstand the "objective reality" captured by the video. Home Depot argues that the video shows that the cart was in front of and next to Mingo, not behind her; that Mingo took several steps toward the cart before tripping on it; that immediately before the fall, Mingo had an unobstructed view of the cart; that Hutchinson effectively had *no* opportunity to see the cart and warn Mingo; and that Mingo conceded these points. (*Id.* at 5–6). Home Depot also argues that it had no legal duty to train or warn Mingo about the risk of tripping over large, bright orange carts used by both customers and employees throughout the Home Depot Store. (*Id.* at 8).

In response, Mingo asserts that Home Depot is liable for failing to provide adequate safety training to her and Hutchinson and that the court should not disregard her testimony about how the accident happened in favor of the video evidence. (Docket Entry No. 14 at 4, 7). Mingo also argues that, alternatively, the court should allow additional discovery on Home Depot's safety policies and training. (*Id.* at 6–7).

"Under Texas law, 'a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the

4

circumstances.'" *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id*. (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

"[G]enerally, an employer has the same premises-liability duty to its employees as other landowners have to invitees on their premises." *Austin v. Kroger, L.P.*, 465 S.W.3d 193, 201–02 (Tex. 2015). But "when the landowner is also an employer and the invitee is also its employee, this additional relationship may give rise to additional duties, such as a duty to provide necessary equipment, training, or supervision." *Id.* at 215. Still, "[u]nder Texas law, employers are not 'insurers' of their employee's safety—they have no duty to warn employees about hazards that are 'commonly known or appreciated.'" *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)). "In other words, an employee's injury at work alone is not enough to prevail on a negligence claim." *Id.*

In this case, there is no genuine factual dispute material to determining whether Home Depot could be liable under a premises liability theory or any general negligence theory. Mingo provides no evidence or caselaw in opposition to Home Depot's assertions that it had neither actual nor constructive knowledge of the cart; that a large orange cart in a checkout area was not an unreasonably dangerous condition; that the cart was open and obvious to Mingo before she tripped; that Mingo, not Hutchinson, had a better view of the cart; and that Mingo admitted that the cart

was stopped next to her and Hutchinson for only two seconds or less.  (*See generally* Docket Entry No. 12).  Rather, Mingo merely argues that Home Depot should have provided more training to her and Hutchinson and that it is improper to disregard her deposition testimony (that the cart was behind her, not next to her, and that Hutchinson could have and should have warned her) at this stage in favor of the video evidence.  (Docket Entry No. 14 at 5).  Mingo does not acknowledge her admission that the trip-and-fall happened within two seconds of the customer wheeling the cart up to her and Hutchinson and does not acknowledge that she—and not Hutchinson—had the opportunity to see the customer as he entered the store.  (Docket Entry No. 12 at 2–3).

"Although evidence is reviewed in the light most favorable to the nonmoving party, the Fifth Circuit has instructed that courts assign even greater weight, even at the summary judgment stage, to the facts evidenced from video recordings taken at the scene."  *Wilson v. City of Bastrop Through Cotton*, 526 F. Supp. 3d 170, 178 (W.D. La. 2021) (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).  "A court 'need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider "the facts in the light depicted by the videotape."'"  *Id.* (quoting *Carnaby*, 636 F.3d at 187); *accord Webb v. Jordan*, Civ. Action No. 13-1121, 2014 WL 4278340, at *3 (W.D. La. Aug. 28, 2014) ("If the facts alleged by a party are clearly contradicted by video evidence, the court should not rely on those facts and should instead view the facts 'in the light depicted by the videotape.'" (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007))).

The video evidence is clear that Home Depot does not bear liability, under any theory, for Mingo's fall.  The video shows that Mingo, not Hutchinson, had a clear eyeline of the customer wheeling the cart up to the checkout counter; that the cart was stopped next to Hutchinson and Mingo for two seconds or less when Mingo tripped over it; and that Mingo took several steps

forward at a slight angle, and not backward, before falling sideways over the bright orange cart. There is no indication that Hutchinson saw the cart—which was, again, primarily in Mingo's line of sight—or, that if she did, that she had sufficient time in which to warn Mingo before Mingo tripped and fell over the cart.  Notably, Mingo, who had worked at that Home Depot store for several years, also testified that she had used (if only rarely) those flatbed carts in the past; that she had seen customers using those carts; and that orange carts are easy to see and recognize, although she disputed that the cart at issue here was a "large" one.  (Docket Entry No. 12-2 at 19, 76–77). The video shows that the cart, which was a bright orange color against a gray floor, had a handle above waist-height on the customer and was at least several feet wide and even more feet long. (*See generally* Docket Entry No. 12-1).

In short, based on the video evidence and Mingo's own admissions, Home Depot does not bear liability under any theory for Mingo's fall.  *See, e.g.*, *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (an employer was not liable for failing to warn employees of the risks of stepping over a loaded lowboy cart, which—even assuming that doing so was dangerous— was "a danger apparent to anyone"); *Kroger*, 197 S.W.3d at 794 ("Kroger had no duty to warn Elwood of a danger known to all and no obligation to provide training or equipment to dissuade an employee from using a vehicle doorjamb for leverage."); *Vasquez v. Home Depot USA, Inc.*, No. 23-20457, 2024 WL 1597756, at *2–3 (5th Cir. Apr. 12, 2024) (affirming the district court's conclusion that Home Depot was not liable for a customer's trip over a piece of wire shelf that a customer had placed on the floor and that had been on the floor for twenty seconds or less); *Washington v. Family Dollar Stores of Tex., LLC.*, 803 F. Supp. 3d 548, 554 (S.D. Tex. 2025) (granting summary judgment to the defendant in a slip-and-fall case because a reasonably prudent

7

person in the plaintiff's position would have looked where they were walking and seen the bright blue puddle of detergent).

The court grants Home Depot's motion for summary judgment.  (Docket Entry No. 12). The court denies Mingo's Rule 56(d) request, (Docket Entry No. 14 at 6–7), because she has not identified additional discovery that would affect the determinative summary judgment issues. Final judgment will be separately entered.

SIGNED on March 23, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge